MOTION.                  Crawford's Heirs *vs* Logan.

*Case* 47.             ERROR TO THE GARRARD CIRCUIT.

                       *Bonds for costs.   Counter Security.*

*October* 20.     JUDGE MARSHALL delivered the opinion of the Court.

                     IN this action of ejectment, on the demise of Craw-
Case stated.     ford's heirs against Logan, a rule, on motion of Ephraim
                 and E. B. Smith, was made against the plaintiffs, that
                 they should give counter security herein, on or before the
                 calling of the cause at the next succeeding term, other-
                 wise the suit to be dismissed.   And the record of the
                 succeeding term says:  "The parties came by their attor-
                 nies, and the plaintiff having failed to comply with the
                 order of this Court entered at the last term, requiring coun-
                 ter security to bear Ephraim and E. B. Smith harmless in
                 the payment of such costs and damages as might be award-
                 ed to the defendant, and of the fees which might become
                 due to the officers of this Court;  on motion of the de-
                 fendant's attorney, ordered that said rule be made abso-
                 lute, that the suit be dismissed without prejudice, &c.,
                 and the costs were adjudged accordingly.
                     The Smiths were neither plaintiffs nor defendants, nor
Security for costs   tenants in possession.   Their interferance in the suit, is
can only be re-  based upon the assumption, that they as sureties of the
quired of non-re-
sident plaintiffs,  plaintiff, or of the lessors, had executed a bond for costs,
or in ejectment  &c.   It is in that character that they obtained the rule.
the lessors of the
plaintiff, and the  It appears, however, in point of fact, that although such
defendant is the
proper person to  bonds may have been executed in other actions brought
demand it.       by the same plaintiff, in the same Court, no bond was
                 executed in this case.   Nor is there any order requiring
                 the execution of such a bond in this case.   It is only in the
                 recitals in the bonds executed in the other cases, that we
                 find evidence of the non-residency of the lessors, or of

any fact upon which the requisition of a bond for costs might be made. And we are not satisfied that these other bonds which have been brought up, not in the record of this case, but in the distinct records of the cases to which they belong, can be regarded as composing a part of the present case for any purpose whatever.

In strictness, then, there was not only no ground for the proceeding in behalf of the Smiths, who had no connection with the case, but there was no ground apparent in the record for requiring bond and security for costs, even on motion of the defendant. Nor, although the fact of non-residency of the lessors, and the right of the defendant to have security for costs be understood to have been conceded does it appear that any motion requiring such security was ever made by the defendant. It is to be inferred from the bill of exceptions, that the counsel for the defendant who moved to make the rule absolute, was also counsel for the Smiths as parties to the rule. And even if this attempt to enforce the rule be regarded as the motion of the defendant, still it was but a motion to enforce a rule for which there was no plausible foundation, and to which he was no party, and he could not, by his interferance, impart force and validity to it. He had no right to insist upon a dismissal as the consequence of non-compliance with a void rule. He could, in fact, occupy no other attitude in the enforcement of that rule, than the Smiths' themselves could occupy. The failure to give counter security when there was in fact no security to be indemnified, could not, in any possible view of the case, be a ground for dismissing the suit.

But if the interposition of the defendant to enforce the rule, could be regarded as a motion on his part, to dismiss the suit, because bond for costs had not been given, and if it be assumed that there was in the case sufficient ground for requiring such bond, still as the defendant could take no advantage of the failure to comply with the improvident rule which had been obtained by the Smiths, and as this motion would have been the first movement on his part towards requiring security for the costs, it would have been proper, in conformity with the general practice, and especially in view of the request

and offers of the plaintiff's counsel, to give time for procuring security and executing the bond. So that even in this aspect of the case, the dismissal of the suit at once, on motion of the defendant, and because a bond, which he had never required, had not been given, must be deemed to have been erroneous.

Can one who is surety for costs require of his principal, security to indemnify him in any case?—Qu.

We are not, however, to be understood as intimating that a security in a non-resident's bond for the costs of suit, has a right, as a matter of course, to obtain such a rule as was granted in this case, and to have the suit dismissed upon the plaintiff's failing to give him counter security. The present case does not call for a decision of this question. But we may remark that if in any case, such a security can be relieved by the dismissal of the suit, we should suppose that the circumstances must be extraordinary, involving fraud or imposition or the like. The security in the bond for costs has in general, no more right as such, to interfere with the suit for the benefit of the defendant, than the defendant has to interfere between the plaintiff and his security for the benefit of the latter.

Wherefore, the order dismissing the suit and the judgment for costs against the plaintiffs, are reversed, and the cause is remanded for further proceedings.

*Bradley* for plaintiffs; *Turner and Kinkead* for defendant.